UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-20237

PANORAMIC STOCK IMAGES, LTD., DBA
PANORAMIC IMAGES,

      Plaintiff,

v.

INTERNATIONAL GROUP LLC AND
OSCAR PRIETO,

      Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff PANORAMIC STOCK IMAGES, LTD., DBA PANORAMIC IMAGES by and through its undersigned counsel, brings this Complaint against Defendants INTERNATIONAL GROUP LLC AND OSCAR PRIETO for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff PANORAMIC STOCK IMAGES, LTD., DBA PANORAMIC IMAGES ("PSI") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute PSI original copyrighted Work of authorship. PSI's licenses its copyrighted Works, such as the one in this case, to real estate associates and brokerages for use in connection with promoting real estate listings.

2. Panoramic has specialized in wide and large-format panoramic photography for over 25 years. Their global roster of acclaimed photographers captures the world in awe-

inspiring size to create a collection of international images: city skylines, landscapes, travel, lifestyles, cultural heritage, world destinations and aerials.

3. Defendant INTERNATIONAL GROUP LLC ("IG LLC") is a licensed real estate corporation and broker.

4. Defendant OSCAR PRIETO ("Prieto") is a real estate associate licensed in the state of Florida, who is an employee under the brokerage of IG LLC.

5. IG LLC and Prieto are collectively referred to herein as "Defendants."

6. PSI alleges that Defendants obtained PSI's copyrighted Work from the internet or prior listings for other properties on multiple listing services of which Defendants are members in order to carry out their activities as a professional real estate agent and broker. Defendants copied PSI's copyrighted Work from the internet or prior real estate listings without PSI's permission. The prior real estate listings that Defendants may have used to copy PSI's copyrighted Work are available to all professional licensed real estate associates and brokers who are members of the multiple listing service where the photos were posted, and they are also available publicly on the internet.

7. Defendants distributed PSI's copyrighted Work also without PSI's permission, such as through real estate listings on multiple listing services. Defendants committed the violations alleged by copying and distributing PSI's copyrighted Work in connection with Defendants' real estate listing posted on one or more multiple listing services for purposes of advertising and promoting public real estate listings in the course and scope of Defendants' professional real estate businesses.

8. Defendant IG LLC, the broker for Prieto appears as listing broker on the real estate listing where Prieto committed the violations of PSI's exclusive rights under the copyright act.

9. Defendant IG LLC is liable for the infringement by Prieto because a Florida real estate broker is liable for the torts of its agents, even if those agents are treated as "independent contractors."

10. A person licensed as a real estate sales associate may not operate as a sales associate without a broker that is registered as her or his employer. Fla. Stat. § 475.42(1)(B). Moreover, the "terms "employ," "employment," "employer," and "employee," when used to describe the relationship between a broker like IG LLC and Prieto include an independent contractor relationship when such relationship is intended by and established between a broker (IG LLC) and a sales associate (Prieto) and furthermore the existence of an independent contractor relationship shall not relieve the broker (IG LLC) of its duties, obligations, or responsibilities, which include being responsible for the offences of Prieto. Fla. Stat. § 475.01(2).

11. As a result, even if IG LLC designates its agents as "independent contractors," Prieto is an "employee" under the Florida Real Estate Code and the common law of principal/agent in Florida, IG LLC is vicariously liable for its agents' acts committed in connection with and in furtherance of IG LLC's real estate brokerage business.

12. PSI's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

## JURISDICTION AND VENUE

13. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

14. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

15. Defendants are subject to personal jurisdiction in Florida.

16. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

17. International Group LLC d/b/a International Realty Group is a Florida Corporation with its principal place of business at 18503 Pines Blvd, #310, Pembroke Pines, FL 33029, and can be served by serving its Registered Agent, Romy Recio, 18503 Pines Blvd, Suite 310, Pembroke Pines, FL 33029.

18. Oscar Prieto is a Florida licensed real estate sales associate, License Number SL3178555, who resides in Miami-Dade County, Florida, and can be served at 17291 NE 17th Ave, North Miami Beach, FL 33162.

## THE COPYRIGHTED WORK AT ISSUE

20. In 2001, Thomas Salyer created the photograph entitled 74608, which is shown below and referred to herein as the "Work" consisting of the letter "P" watermark. The rights to that Work were subsequently assigned to PSI.



21. At the time PSI created the Work, PSI applied copyright management information to the Work.

22. PSI registered the Work with the Register of Copyrights on April 16, 2001 and was assigned the registration number VAu 519-950. The Certificate of Registration is attached hereto as Exhibit 1.

23. PSI's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

24. At all relevant times PSI was the owner of the copyrighted Work at issue in this case.

**INFRINGEMENT BY DEFENDANTS**

25. The Defendants have never been licensed to use the Work at issue in this action for any purpose.

26. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied, displayed, or distributed the Work or made derivative works from the Work.

27. Defendants copied PSI's copyrighted Work from prior listings for other properties on multiple listing services of which Defendants are members, obtained the Work from the internet, or from other real estate associates.

28. After Defendants copied the Work, they made further copies and distributed the Work on, inter alia, one or more multiple listing services or the internet to promote the sale of the property depicted in the Work or similar properties as part of their professional real estate businesses.

29. Defendants copied and distributed PSI's copyrighted Work in connection with their real estate listing posted on one or more multiple listing services or the internet for purposes of advertising and promoting public real estate listings in the course and scope of Defendants' professional real estate businesses, and in the course and scope of rendering professional real estate services as associates and brokers.

30. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

31. In connection with their infringement of the Work at issue in this action, Defendants removed copyright management information from the Work as evidenced by the documents attached hereto as Exhibit 2.

32. PSI never gave the Defendants permission or authority to copy, distribute or display the Work at issue in this case, or create derivative works or the Work.

33. PSI notified the Defendants of the allegations set forth herein on April 28, 2021 and on May 27, 2021.  To date, Defendants have failed to respond to Plaintiff's Notices.  Copies of the Notices to Defendants are attached hereto as Exhibit 3.

34. PSI never gave the Defendants permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT BY PRIETO

35. Plaintiff incorporates the allegations of paragraphs 1 through 34 of this Complaint as if more fully set forth herein.

36. PSI owns a valid copyright in the Work at issue in this case.

37. PSI registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

38. Prieto copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without PSI's authorization in violation of 17 U.S.C. § 501.

39. Prieto performed the acts alleged in the course and scope of their business activities.

40. Prieto's acts were willful.

41. PSI has been damaged.

42. The harm caused to PSI has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT BY IG LLC

43. Plaintiff incorporates the allegations of paragraphs 1 through 34 of this Complaint as if more fully set forth herein.

44. PSI owns a valid copyright in the Work at issue in this case.

45. PSI registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

46. Prieto copied, displayed and distributed the Work at issue in this case and made derivatives of the Work without PSI's authorization in violation of 17 U.S.C. § 501.

7
**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

47. IG LLC had the right and ability to supervise the infringing activities of Prieto alleged herein.

48. IG LLC had a direct financial interest in the infringing activities alleged herein.

49. As a result of IG LLC's vicarious infringement as alleged above, IG LLC obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Work.

50. IG LLC has continued to copy, display, and distribute the Work at issue with knowledge that such acts violate PSI's intellectual property rights.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

51. Plaintiff incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

52. The Work at issue in this case contains copyright management information ("CMI").

53. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

54. Defendants committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of PSI's rights in the Work at issue in this action protected under the Copyright Act.

55. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of PSI's rights in the Work at issue in this action protected under the Copyright Act.

56. Defendants' acts were willful.

57. PSI has been damaged.

58. The harm caused to PSI has been irreparable.

WHEREFORE, the Plaintiff prays or judgment against the Defendants International Group LLC and Oscar Prieto that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre- and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: January 20, 2022                     Respectfully submitted,

*/s/Craig A. Wirth*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
CRAIG A. WIRTH
Florida Bar Number: 125322

craig.wirth@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Panoramic Stock Images, Ltd., Dba Panoramic Images*